UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ROXANA LEMUS, MICHELLE VARELA,
MARGARITA SANCHEZ, DAISY SANCHEZ
and HEIDI CASTRO GIRON, on behalf of themselves,
individually, and all other similarly situated persons,                          Docket No.:

                        Plaintiffs,

                                                 **COMPLAINT**

                  -against-

EL RANCHO CATRACHO REST. INC. d/b/a EL
RANCHO CATRACHO RESTAURANT, ABC
CORP. 1-3 d/b/a EL RANCHO CATRACHO
RESTAURANT, NACIS SANTOS, FRANCISCO
SANTOS, and LIDIA ESPINAL,

                              Defendants.
-----------------------------------------------------------------------X

       Plaintiffs, ROXANA LEMUS, MICHELLE VARELA, MARGARITA SANCHEZ,

DAISY SANCHEZ and HEIDI CASTRO GIRON, on behalf of themselves, individually, and all

other persons similarly situated, by and through their counsel, the Law Office of Peter A. Romero

PLLC, complaining of the Defendants, EL RANCHO CATRACHO REST. INC. d/b/a EL

RANCHO CATRACHO RESTAURANT, ABC CORP. 1-3 d/b/a EL RANCHO CATRACHO

RESTAURANT, NACIS SANTOS, FRANCISCO SANTOS, and LIDIA ESPINAL (collectively

as "Defendants" or "El Rancho"), allege as follows:

## NATURE OF THE CLAIM

       1.     Plaintiffs bring this action to recover unpaid overtime wages under the Fair Labor

Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Articles 6 and 19,

§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R.

§ 146 ("NYLL"), to recover unpaid minimum wages under the FLSA and NYLL, unpaid spread

of hours compensation under the NYLL and 12 N.Y.C.R.R. § 146-1.6, unlawfully retained tips and gratuities under NYLL § 196-d, for failure to issue timely payment of wages pursuant to NYLL § 191, for failure to furnish accurate – or any – wage statements for each pay period under NYLL § 195(3), for failure to provide a wage notice upon their hire under NYLL § 195(1), and any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiffs bring this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA.  Plaintiffs brings their claims under the NYLL on behalf of themselves, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

3.      Plaintiffs also bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable limitations periods who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations and violations of New York common law.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

6.      Plaintiff ROXANA LEMUS ("Lemus") is a resident of the County of Nassau, State of New York.

7.      At all relevant times, Plaintiff Lemus was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

8.      Plaintiff MICHELLE VARELA ("Varela") is a resident of the County of Nassau, State of New York.

9.      At all relevant times, Plaintiff Varela was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

10.     Plaintiff MARGARITA SANCHEZ is a resident of the County of Suffolk, State of New York.

11.     At all relevant times, Plaintiff Margarita Sanchez was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

12.     Plaintiff DAISY SANCHEZ is a resident of the County of Nassau, State of New York.

13.     At all relevant times, Plaintiff Daisy Sanchez was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

14.     Plaintiff HEIDI CASTRO GIRON ("Castro") is a resident of the County of Nassau, State of New York.

15.     At all relevant times, Plaintiff Castro was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

16.     At all relevant times, Defendant EL RANCHO CATRACHO REST. INC. d/b/a EL RANCHO CATRACHO RESTAURANT is and was a domestic business corporation with its principle place of business at 131 Jackson Street, Hempstead, New York 11550.

17.     At all relevant times, upon information and belief, Defendant EL RANCHO CATRACHO REST. INC. d/b/a EL RANCHO CATRACHO RESTAURANT was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to use of food and ingredients, kitchenware, utensils, cleaning supplies, office supplies, receipt papers, pens, and paper, many of which undoubtably traveled in interstate commerce, and accepted payment from credit card machines and other moneys that originated from outside of New York State.

18.     At all relevant times, Defendant EL RANCHO CATRACHO REST. INC. d/b/a EL RANCHO CATRACHO RESTAURANT was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

19.     At all relevant times, upon information and belief, Defendant ABC CORP. 1-3 d/b/a EL RANCHO CATRACHO RESTAURANT is and was a corporation used to operate EL RANCHO CATRACHO RESTAURANT with its principle place of business at 131 Jackson Street, Hempstead, New York 11550.

20.     At all relevant times, upon information and belief, Defendant ABC CORP. 1-3 d/b/a EL RANCHO CATRACHO RESTAURANT was subject to the requirements of the FLSA

because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to use of food and ingredients, kitchenware, utensils, cleaning supplies, office supplies, receipt papers, pens, and paper, many of which undoubtably traveled in interstate commerce, and accepted payment from credit card machines and other moneys that originated from outside of New York State.

21.    At all relevant times, upon information and belief, Defendant ABC CORP. 1-3 d/b/a EL RANCHO CATRACHO RESTAURANT was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

22.    At all relevant times, Defendant NACIS SANTOS was an officer and/or owner, and active in the day to day management of the corporate defendants, including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiffs, scheduling and hours worked, had the power to hire, fire and discipline employees and approve all personnel decisions, was responsible for maintaining personnel records relating to Plaintiffs' employment, and is liable to Plaintiffs as an "employer" within the meaning of the FLSA and NYLL.

23.    At all relevant times, Defendant FRANCISCO SANTOS was active in the day to day management of the corporate defendants, including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiffs, scheduling and hours worked, had the power to hire, fire and discipline employees and approve all personnel decisions, terminated certain Plaintiffs' employment, was responsible for maintaining personnel records relating to Plaintiffs' employment, and is liable to Plaintiffs as an "employer" within the meaning of the FLSA and NYLL.

24.     At all relevant times, Defendant LIDIA ESPINAL was active in the day to day management of the corporate defendants, including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiffs, scheduling and hours worked, had the power to hire, fire and discipline employees and approve all personnel decisions, terminated certain Plaintiffs' employment, was responsible for maintaining personnel records relating to Plaintiffs' employment, and is liable to Plaintiffs as an "employer" within the meaning of the FLSA and NYLL.

## FACTS

25.     Defendants operated a restaurant serving traditional Honduran fare, located at 131 Jackson Street, Hempstead, New York 11550.

### Plaintiff Lemus

26.     Plaintiff Lemus commenced her employment in or about February 2014 as a waitress, a position that she held until in or about March 2020.  In that position, Plaintiff Lemus was primarily responsible for waiting tables, taking customer orders, and cleaning tables.

27.     Throughout her employment, Plaintiff Lemus regularly worked four days per workweek.  During this period, Plaintiff Lemus regularly worked on Wednesday and Thursday from 5:00 p.m. until between 11:30 p.m. and 12:00 a.m., on Saturday from 8:30 a.m. until 5:00 p.m., and on Sunday from 1:00 p.m. until 12:00 a.m., without being afforded meal breaks. Defendants also required Plaintiff Lemus to work additional "double" shifts during two to three weeks per month, which often required Plaintiff Lemus to work as many as 15.5 hours per shift during workdays that included a double shift, leading Plaintiff Lemus to work hours in excess of forty hours per work week.  Accordingly, during this period, Defendants required Plaintiff Lemus

to work, and Plaintiff Lemus did regularly work, 33.5 or more hours and commonly worked in excess of forty hours each workweek.

28.     Throughout his employment, Defendants paid Plaintiff Lemus an hourly rate of pay.  However, Defendants took a tip credit deduction for each hour that Plaintiff Lemus worked and consequently paid her at a reduced hourly rate of pay below the FLSA and NYLL minimum wage as a tipped employee.

29.     Throughout her employment, Defendants failed to provide Plaintiff Lemus with compliant written notice under the NYLL, or compliant notice under the FLSA, that Defendants were claiming a tip credit toward the statutory minimum wage for her hours paid at a tipped rate.

30.     Despite failing to provide the requisite tip credit notice, throughout her employment, Defendants paid Plaintiff Lemus at a reduced tipped rate that was below the statutorily mandated minimum wage rate, in violation of the FLSA and NYLL.

31.     Despite being required to work in excess of forty hours during certain workweeks, Defendants paid Plaintiff Lemus at an incorrect overtime rate of pay, paying her at rates of pay of less than one and one-half times the applicable minimum wage rate or her proper regular hourly rates of pay, whichever is greater, for her hours worked in excess of forty per workweek, in violation of the FLSA and NYLL.

32.     Throughout her employment, Plaintiff Lemus commonly worked daily shifts that exceeded ten hours per day from its start to its finish.  However, Defendants failed to pay Plaintiff Lemus spread-of-hours compensation of one additional hour at the applicable minimum wage rate for each workday that exceeded ten hours, in violation of the NYLL.

33.     Defendants failed to provide Plaintiff Lemus with a proper notice and acknowledgement of her wage rate upon her hire in her primary language – or at all – as required by NYLL § 195(1).

### Plaintiff Varela

34.     Plaintiff Varela commenced her employment in or about 2006 as both a front of the house and kitchen worker, working as a waitress, hostess, and dishwasher, a position that she held until in or about March 2020.  In that position, Plaintiff Varela was primarily responsible for greeting customers, waiting tables, taking customer orders, cleaning tables and washing dishes.

35.     Throughout her employment, Plaintiff Varela regularly worked four or more days per workweek.  During this period, Plaintiff Varela regularly worked on Monday and Friday from 5:00 p.m. until between 11:45 p.m. and 12:30 a.m., on Saturday from between 9:30 a.m. or 11:00 a.m. until 11:00 p.m., and on Sunday from 9:30 a.m. until 4:00 p.m., without being afforded meal breaks.  Defendants required Plaintiff Varela to work additional hours or shifts during the workweek as needed.  Accordingly, during this period, Defendants required Plaintiff Varela to work, and Plaintiff Varela did regularly work, between 32 and 35 hours, and sometimes even more hours, during each workweek.

36.     Throughout her employment, Defendants paid Plaintiff Varela an hourly rate of pay.  However, Defendants took a tip credit deduction for each hour that Plaintiff Varela worked and consequently paid her at a reduced hourly rate of pay below the FLSA and NYLL minimum wage as a tipped employee.

37.     Throughout her employment, Defendants failed to provide Plaintiff Varela with compliant written notice under the NYLL, or compliant notice under the FLSA, that Defendants were claiming a tip credit toward the statutory minimum wage for her hours paid at a tipped rate.

38.     Despite failing to provide the requisite tip credit notice, throughout her employment, Defendants paid Plaintiff Varela at a reduced tipped rate that was below the statutorily mandated minimum wage rate, in violation of the FLSA and NYLL.

39.     Throughout her employment, Plaintiff Varela commonly worked daily shifts that exceeded ten hours per day from its start to its finish.  However, Defendants failed to pay Plaintiff Varela spread-of-hours compensation of one additional hour at the applicable minimum wage rate for each workday that exceeded ten hours, in violation of the NYLL.

### Plaintiff Margarita Sanchez

40.     Plaintiff Margarita Sanchez commenced her employment in or about July 2015 as both a front of the house and kitchen worker, working as a waitress, busser, dishwasher and bartender, a position that she held until on or about March 8, 2020.  In that position, Plaintiff Margarita Sanchez was primarily responsible for waiting tables, taking customer orders, cleaning tables, bussing tables, preparing drinks as a bartender, and washing dishes.

41.     Throughout her employment until in or about January 2020, Plaintiff Margarita Sanchez regularly worked four or more days per workweek.  During this period, Plaintiff Margarita Sanchez regularly worked on Monday from 12:00 p.m. until 12:00 a.m., on Tuesday from 10:00 a.m. until 11:30 p.m., on Thursday from 4:00 p.m. until 11:30 p.m. and on Sunday from 9:30 a.m. until 11:30 p.m., without being afforded meal breaks.  Defendants also commonly required Plaintiff Margarita Sanchez to work additional hours and shifts during many workweeks.  Accordingly, during this period, Defendants required Plaintiff Margarita Sanchez to work, and Plaintiff Margarita did regularly work, 47 hours, and sometimes even more hours, during each workweek.

42.     Throughout her employment beginning in or about January 2020, Plaintiff Margarita Sanchez regularly worked four or more days per workweek.  During this period, Plaintiff Margarita Sanchez regularly worked on Monday from 12:00 p.m. until 12:00 a.m., on Tuesday from 4:00 p.m. until 11:30 p.m., on Thursday from 4:00 p.m. until 11:30 p.m. and on Sunday from 9:30 a.m. until 11:30 p.m., without being afforded meal breaks.  Defendants also commonly required Plaintiff Margarita Sanchez to work additional hours and shifts during many workweeks, causing her to work in excess of forty hours during such workweeks.  Accordingly, during this period, Defendants required Plaintiff Margarita Sanchez to work, and Plaintiff Margarita Sanchez did regularly work, 40 or more hours and commonly worked in excess of forty hours each workweek.

43.     Throughout her employment, Defendants paid Plaintiff Margarita Sanchez an hourly rate of pay.  However, Defendants took a tip credit deduction for each hour that Plaintiff Margarita Sanchez worked and consequently paid her at a reduced hourly rate of pay below the FLSA and NYLL minimum wage as a tipped employee.

44.     Throughout her employment, Defendants failed to provide Plaintiff Margarita Sanchez with compliant written notice under the NYLL, or compliant notice under the FLSA, that Defendants were claiming a tip credit toward the statutory minimum wage for her hours paid at a tipped rate.

45.     Despite failing to provide the requisite tip credit notice, throughout her employment, Defendants paid Plaintiff Margarita Sanchez at a reduced tipped rate that was below the statutorily mandated minimum wage rate, in violation of the FLSA and NYLL.

46.     Despite being required to work in excess of forty hours during certain workweeks, Defendants paid Plaintiff Margarita Sanchez at an incorrect overtime rate of pay, paying her at

10

rates of pay of less than one and one-half times the applicable minimum wage rate or her proper regular hourly rates of pay, whichever is greater, for her hours worked in excess of forty per workweek, in violation of the FLSA and NYLL.

47.    Throughout her employment, Plaintiff Margarita Sanchez commonly worked daily shifts that exceeded ten hours per day from its start to its finish.  However, Defendants failed to pay Plaintiff Margarita Sanchez spread-of-hours compensation of one additional hour at the applicable minimum wage rate for each workday that exceeded ten hours, in violation of the NYLL.

48.    Defendants failed to provide Plaintiff Margarita Sanchez with a proper notice and acknowledgement of her wage rate upon her hire in her primary language – or at all – as required by NYLL § 195(1).

### Plaintiff Daisy Sanchez

49.    Plaintiff Daisy Sanchez commenced her employment in or about February 2014 in as a telephone order employee, a position that she held until on or about March 15, 2020.  In that position, Plaintiff Daisy Sanchez was primarily responsible for taking and expediting customer orders received by telephone.

50.    From in or about July 2019 until on or about March 15, 2020, Plaintiff Daisy Sanchez was also employed as a waitress.  In that position, in addition to her duties as a telephone order employee, Plaintiff Daisy Sanchez was primarily responsible for waiting tables, taking customer orders in person, and cleaning tables.

51.    Throughout her employment, Plaintiff Daisy Sanchez regularly worked four or more days per workweek.  During this period, Plaintiff Daisy Sanchez regularly worked on Monday from 11:00 a.m. until between 9:00 p.m. and 10:00 p.m., on Wednesday from 1:00 p.m.

until between 10:00 p.m. and 11:00 p.m., on Saturday from 9:00 a.m. until 10:00 p.m., and on Sunday from 9:00 a.m. until between 5:00 and 7:00 p.m., often without being afforded meal breaks. Defendants required Plaintiff Varela to work additional hours or shifts during the workweek as needed. Accordingly, during her employment, Defendants required Plaintiff Daisy Sanchez to work, and Plaintiff Daisy Sanchez did regularly work, between 41 and 45 hours, and sometimes even more hours, during each workweek.

52.    Throughout her employment as a telephone order employee, Defendants paid Plaintiff Daisy Sanchez an hourly rate of pay. While working as a telephone order employee, Defendants paid Plaintiff Daisy Sanchez $8.00 per hour from in or about 2014 until in or about 2017, $9.00 per hour during in or about 2018, and $10.00 per hour during in or about July 2019 until the end of her employment. As a result, since at least December 31, 2014, Defendants paid Plaintiff Daisy Sanchez at rates of pay that were below the NYLL statutorily mandated minimum wage rate, in violation of the NYLL.

53.    Throughout her employment as a waitress, Defendants paid Plaintiff Daisy Sanchez an hourly rate of pay of $7.00 per hour. However, Defendants took a tip credit deduction for each hour that Plaintiff Daisy Sanchez worked as a waitress and consequently paid her at a reduced hourly rate of pay below the FLSA and NYLL minimum wage as a tipped employee.

54.    Throughout her employment, Defendants failed to provide Plaintiff Daisy Sanchez with compliant written notice under the NYLL, or compliant notice under the FLSA, that Defendants were claiming a tip credit toward the statutory minimum wage for her hours paid at a tipped rate.

55.     Despite failing to provide the requisite tip credit notice, throughout her employment, Defendants paid Plaintiff Daisy Sanchez at a reduced tipped rate that was below the statutorily mandated minimum wage rate, in violation of the FLSA and NYLL.

56.     Despite being required to work in excess of forty hours during certain workweeks, Defendants paid Plaintiff Daisy Sanchez at an incorrect overtime rate of pay, paying her at rates of pay of less than one and one-half times the applicable minimum wage rate or her proper regular hourly rates of pay, whichever is greater, for her hours worked in excess of forty per workweek, in violation of the FLSA and NYLL.

57.     Moreover, Defendants commonly paid Plaintiff Sanchez at multiple regular rates of pay for hours worked within the same pay period.  Defendants have also failed to take into account the multiple hourly rates of pay that it paid Plaintiff Daisy Sanchez during her hours worked in each workweek when calculating an overtime rate of pay, thereby paying her at less than her statutorily required overtime rate of pay of one and one-half times the applicable minimum wage rate or her proper regular hourly rates of pay, whichever is greater, for her hours worked in excess of forty per workweek, in violation of the FLSA and NYLL.

58.     Throughout her employment, Plaintiff Daisy Sanchez also commonly worked daily shifts that exceeded ten hours per day from its start to its finish.  However, Defendants failed to pay Plaintiff Daisy Sanchez spread-of-hours compensation of one additional hour at the applicable minimum wage rate for each workday that exceeded ten hours, in violation of the NYLL.

59.     Defendants failed to provide Plaintiff Daisy Sanchez with a proper notice and acknowledgement of her wage rate upon her hire in her primary language – or at all – as required by NYLL § 195(1).

**<u>Plaintiff Heidi Castro</u>**

60.     Plaintiff Castro commenced her employment in or about December 2005 primarily as a waitress, a position that she held until on or about March 18, 2020.  In that position, Plaintiff Castro was primarily responsible for waiting tables, taking customer orders, cleaning tables and washing dishes.

61.     Throughout her employment, Plaintiff Castro regularly worked four or more days per workweek.  During this period, Plaintiff Castro regularly worked on Monday from between 9:00 a.m. and 11:00 a.m. until between 11:00 p.m. and 12:00 a.m., on Tuesday and Thursday from 9:00 a.m. until 5:00 p.m., and on Sunday from between 9:00 a.m. and 10:00 a.m. until 11:00 p.m., without being afforded meal breaks.  Defendants required Plaintiff Castro to work additional hours or shifts during the workweek as needed.  For example, on holidays, Defendants required Plaintiff Castro to work from 9:00 a.m. until 1:00 a.m., without being afforded a meal break.  Accordingly, during her employment, Defendants required Plaintiff Castro to work, and Plaintiff Castro did regularly work, between 43 and 45 hours, and sometimes even more hours, during each workweek.

62.     Throughout her employment as a waitress, Defendants paid Plaintiff Castro an hourly rate of pay.  However, Defendants took a tip credit deduction for each hour that Plaintiff Castro worked as a waitress and consequently paid her at a reduced hourly rate of pay below the NYLL minimum wage as a tipped employee.

63.     Throughout her employment, Defendants failed to provide Plaintiff Castro with compliant written notice under the NYLL that Defendants were claiming a tip credit toward the statutory minimum wage for her hours paid at a tipped rate.

64.    Despite failing to provide the requisite tip credit notice, throughout her employment, Defendants paid Plaintiff Castro at a reduced tipped rate that was below the statutorily mandated minimum wage rate, in violation of the NYLL.

65.    Despite being required to work in excess of forty hours during certain workweeks, Defendants paid Plaintiff Castro at an incorrect overtime rate of pay, paying her at rates of pay of less than one and one-half times the applicable minimum wage rate or her proper regular hourly rates of pay, whichever is greater, for her hours worked in excess of forty per workweek, in violation of the FLSA and NYLL.

66.    Moreover, Defendants commonly paid Plaintiff Castro at multiple regular rates of pay for hours worked within the same pay period.  Defendants has also failed to take into account the multiple rates of pay that it paid Plaintiff Castro during her hours worked in each workweek when calculating an overtime rate of pay, thereby paying her at less than her statutorily required overtime rate of pay of one and one-half times the applicable minimum wage rate or her proper regular hourly rates of pay, whichever is greater, for her hours worked in excess of forty per workweek, in violation of the FLSA and NYLL.

67.    Throughout her employment, Plaintiff Castro commonly worked daily shifts that exceeded ten hours per day from its start to its finish.  However, Defendants failed to pay Plaintiff Castro spread-of-hours compensation of one additional hour at the applicable minimum wage rate for each workday that exceeded ten hours, in violation of the NYLL.

## **All Plaintiffs**

68.    Defendants were required to pay Plaintiffs and other similarly situated employees, who qualify as manual workers, weekly and not later than seven calendar days after the end of the week in which the wages were earned.

69.     Throughout their employment, Plaintiffs and other similarly situated employees were primarily responsible for performing manual tasks, including, *inter alia*, waiting tables, taking customer orders, cleaning tables, bussing tables, preparing drinks as a bartender, washing dishes, standing and walking for long periods of time, and lifting products and supplies.

70.     Throughout their employment, Plaintiffs and other similarly situated employees regularly performed these manual tasks during the majority of their hours worked and, therefore, Plaintiffs and other similarly situated employees spent more than twenty-five percent of their hours worked each week performing such manual tasks.

71.     However, throughout their employment until in or about December 2019, Defendants paid Plaintiffs (except Plaintiff Daisy Sanchez) and other similarly situated employees on a bi-weekly basis, paying them their wages earned every two weeks.  As such, Defendants failed to pay Plaintiffs (except Plaintiff Daisy Sanchez) and other similarly situated employees their wages earned weekly and not later than seven calendar days after the end of the week in which the wages were earned, in violation of NYLL § 191.

72.     Throughout their employment, Plaintiffs occasionally received tips paid by credit card.  Throughout their employment, Defendants failed to remit those tips received from credit card payments Plaintiffs, instead retaining significant portions of or typically all of those tips and gratuities, in violation of NYLL §§ 196-d, 191 and New York common law.

73.     Defendants failed to provide Plaintiffs with accurate wage statements indicating their correct wages earned, including, *inter alia*, their correct regular and overtime rates of pay, number of regular and overtime hours worked, spread of hours compensation, or correct gross pay, amount of tips received, deductions, or net pay, and did not include their employer's name,  address or phone number, for each pay period as required by NYLL § 195(3).

74.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and NYLL by failing to pay Plaintiffs in accordance with their hours worked, failed to pay Plaintiffs at their correct minimum wage and overtime rates of pay, and failed to provide notice of its intention to pay Plaintiffs a reduced tipped rate of pay under the FLSA and NYLL.

75.     Defendants treated and paid Plaintiff, Class Members and FLSA Collective Action Plaintiffs in the same or similar manner.

## COLLECTIVE ACTION ALLEGATIONS

76.     At all times relevant, Plaintiffs and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them minimum wage compensation for all hours worked and overtime pay for hours worked in excess of forty (40) hours each week.

77.     Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiffs, who have been underpaid in violation of the FLSA.  The named Plaintiffs are representative of those other workers and are acting on behalf of the Defendants' current and former employees' interests as well as their own interests in in bringing this action.

78.     Plaintiffs seek to proceed as a collective action with regard to the First and Second Claims for Relief, pursuant to 29 U.S.C. § 216(b), on behalf of themselves, individually, and the following similarly situated employees:

>       All non-exempt persons who are currently, or have been employed
>       by the Defendants as a non-exempt, hourly paid, front of the house

or back of the house employee, including but not limited to as a
waiter, hostess, busser, bartender, dishwasher, or cook, and/or in a
similarly situated position, at any time during the three (3) years
prior to the filing of their respective consent forms.

79.    The First and Second Claims for Relief are properly brought under and maintained

as an opt-in collective action pursuant to 29 U.S.C. § 216(b).  The FLSA Collective Plaintiffs are

readily ascertainable.  For purposes of notice and other purposes related to this action, their names

and addresses are readily available from the Defendants.  These similarly situated employees

should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b).  Unless

the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been

unlawfully deprived of overtime compensation in violation of the FLSA, will be unable to secure

compensation to which they are entitled and which has been unlawfully withheld from them by

the Defendants.

## CLASS ACTION ALLEGATIONS

80.    Plaintiffs brings the Third through Tenth Claims for Relief on behalf of themselves,

individually, and a class of persons under Fed. R. Civ. P. 23 consisting of all persons who are

currently, or have been, employed by the Defendants as a non-exempt, hourly paid, front of the

house or back of the house employee, including but not limited to as a waiter, hostess, busser,

bartender, dishwasher, or cook, and/or in a similarly situated position at any time during the six

(6) years prior to the filing of this Complaint through the date of judgment (hereinafter referred to

as the "Class" or the "Class Members").

81.    The Class Members are readily ascertainable.  The number and identity of the Class

Members are determinable from the records of Defendants.  The hours assigned and worked, the

positions held, and rates of pay for the Class Members may also be determinable from Defendants'

records.  For purposes of notice and other purposes related to this action, their names and addresses

are readily available from Defendants.  Notice can be provided by means permissible under Fed. R. Civ. P. 23.

82.    The proposed Class is so numerous such that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, upon information and belief, there are over forty (40) individuals who are currently, or have been, employed by the Defendants as a covered Class Member at any time during the six (6) years prior to the filing of this Complaint.

83.    Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

84.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)    Whether Defendants failed and/or refused to pay the Plaintiffs and Class Members premium overtime compensation at the correct rates of pay for hours worked in excess of forty hours in a single workweek;

(b)    Whether Defendants failed and/or refused to pay the Plaintiffs and Class Members the applicable minimum wage rates of pay for their hours worked;

(c)    Whether Defendants failed and/or refused to pay the Plaintiffs and Class Members spread of hours compensation for each workday where the start and end of their workday exceeded ten hours;

(d)    Whether Defendants failed and/or refused to pay the Plaintiffs and Class Members at any rate of pay for certain hours worked during their workweek;

(e)    Whether Defendants failed and/or refused to pay or retained tips and gratuities due to the Plaintiffs and Class Members;

(f)     Whether Defendants' pay practices violated the New York common law, in the form of unjust enrichment, with respect to the Plaintiffs and Class Members;

(g)     Whether Defendants failed to furnish the Plaintiffs and Class Members with a compliant notice that they would be paid pursuant to a tipped rate;

(h)     Whether Defendants failed to timely pay Plaintiffs and Class Members their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned;

(i)     Whether Defendants paid Plaintiffs and Class Members on a bi-weekly basis in violation of NYLL § 191;

(j)     Whether Defendants failed to furnish the Plaintiffs and Class Members with a compliant notice of wage rate upon their hire and/or whether such notice was provided in their primary language;

(k)     Whether Defendants failed to furnish the Plaintiffs and Class Members with accurate and/or complete wage statements for each pay period;

(l)     Whether Defendants' general practice of failing and/or refusing to pay Plaintiffs and Class Members overtime pay, minimum wage rates for compensation, spread of hours pay, retaining of tips and gratuities, and failure to timely pay certain wages was done willfully and/or with reckless disregard of the state wage and hour laws;

(m)     Whether Defendants took any active steps to ascertain and comply with the state wage and hour laws regarding their payment of wages to Plaintiffs and Class Members;

(n)     Whether Defendants failed to keep and maintain true and accurate payroll records, including, *inter alia*, recording all hours worked, compensation received, and amounts of tips and gratuities received, for the Plaintiffs and Class Members;

(o)     Whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

(p)     What was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

85.     Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of

the Class in separate actions. All of the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiffs and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

86.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.

87.     Plaintiffs have retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

88.     A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

89.     The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In

addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

90.     Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)

91.     Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

92.     Defendants employed Plaintiffs (except Plaintiff Varela) and persons similarly situated to Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate them for hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the minimum wage or their regular hourly rates of pay, whichever is greater, in violation of the FLSA.

93.     Defendants' violations of the FLSA have been willful and intentional.

94.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

95.     Due to Defendants' violations of the FLSA, Plaintiffs (except Plaintiff Varela) and persons similarly situated to Plaintiffs are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs of this action.

## SECOND CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT – MINIMUM WAGES)

96.    Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

97.    Defendants employed Plaintiffs (except Plaintiff Castro), and any FLSA Collective Action Plaintiff who opts-into this action, yet willfully failed to pay Plaintiffs (except Plaintiff Castro), and any FLSA Collective Action Plaintiff who opts-into this action, the applicable minimum wage rate for all hours worked, in violation of the FLSA.

98.    Defendants' violations of the FLSA have been willful and intentional.

99.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

100.    Due to Defendants' violations of the FLSA, Plaintiffs (except Plaintiff Castro), and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## THIRD CLAIM FOR RELIEF
## (NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)

101.    Plaintiffs, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

102.    Defendants employed Plaintiffs (except Plaintiff Varela), Class Members and any FLSA Collective Action Plaintiff who opts-into this action, for workweeks longer than forty (40) hours and failed to compensate the Plaintiffs (except Plaintiff Varela), Class Members and any

FLSA Collective Action Plaintiff who opts-into this action, for hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the applicable minimum wage or their regular hourly rates of pay, whichever is greater, in violation of the NYLL.

103.    By Defendants' failure to pay Plaintiffs (except Plaintiff Varela), Class Members and any FLSA Collective Action Plaintiff who opts-into this action, overtime wages for hours worked in excess of forty (40) hours per week, Defendants violated the New York Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 146.

104.    Defendants' violations of the NYLL have been willful and intentional.

105.    Due to Defendants' violations of the NYLL, Plaintiffs (except Plaintiff Varela), Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid overtime wages, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## FOURTH CLAIM FOR RELIEF
### (NEW YORK LABOR LAW – MINIMUM WAGES)

106.    Plaintiffs, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

107.    Defendants employed Plaintiffs, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, yet willfully failed to pay Plaintiffs, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, the applicable minimum wage rates for all hours worked, in violation of the NYLL and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 146.

108.    Defendants' violations of the NYLL have been willful and intentional.

109.     Due to Defendants' violations of the NYLL, Plaintiffs, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## FIFTH CLAIM FOR RELIEF
## (NEW YORK LABOR LAW – SPREAD OF HOURS VIOLATION)

110.     Plaintiffs, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

111.     Defendants failed to pay Plaintiffs, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, one additional hour of pay at the basic minimum wage rate for each day their spread of hours exceeded ten in violation of NYLL § 650 *et seq.* and 12 NYCRR § 146-1.6.

112.     Defendants' violations of the NYLL have been willful and intentional.

113.     For the foregoing reasons, Plaintiffs, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover unpaid spread of hours compensation, liquidated damages, attorneys' fees, costs of this action and interest as permitted by law.

## SIXTH CLAIM FOR RELIEF
## (NEW YORK LABOR LAW – UNLAWFULLY RETAINED TIPS AND GRATUITIES)

114.     Plaintiffs, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

115.    Pursuant to NYLL § 196-d, an employer is not permitted to "demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

116.    Plaintiffs, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, for those who were employed as a tipped employee, performed work for the benefit of Defendants, at Defendants' behest, for which they received compensation partially through tips and gratuities.  However, Defendants retained a portion of the tips and gratuities intended for the Plaintiffs, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, for those who were employed as a tipped employee, and they have not been paid those tips and gratuities as Defendants have unlawfully retained those tips and gratuities, in violation of NYLL § 196-d.

117.    Defendants' violations of the NYLL have been willful and intentional.

118.    Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, for those who were employed as a tipped employee, are entitled to their unpaid tips and gratuities, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## SEVENTH CLAIM FOR RELIEF
## (VIOLATION OF NEW YORK LABOR LAW § 191)

119.    Plaintiffs, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

120.    Plaintiffs, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, were manual workers as defined by the NYLL.

121.    Defendants were required to pay the Plaintiffs, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, their compensation on a weekly basis, and not later than seven calendar days after the end of the week in which the wages were earned.

122.    From six years prior to the commencement of this litigation until in or about in or about December 2019, Defendants paid Plaintiffs (except Plaintiff Daisy Sanchez), Class Members and any FLSA Collective Action Plaintiff who opts-into this action, their wages earned every two weeks.  Moreover, Defendants withheld a portion of the tips and gratuities earned by Plaintiffs, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, for those who were employed as a tipped employee, thereby withholding such compensation entirely.

123.    Thus, Defendants failed to pay Plaintiffs, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, their wages earned on a weekly basis, and not later than seven calendar days after the end of the week in which the wages were earned, in violation of NYLL § 191.

124.    Defendants' violations of the NYLL have been willful and intentional.

125.    Due to Defendants' violations of the NYLL, Plaintiffs, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages equal to the total amount of the delayed wages, attorneys' fees, costs of this action, and interest as permitted by law.

## EIGHTH CLAIM FOR RELIEF
## (UNJUST ENRICHMENT)

126.    Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

127.    Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, for those who were employed as a tipped employee, performed work for the benefit of Defendants, at Defendants' behest, for which they received compensation through partially tips and gratuities.  However, Defendants retained a portion of those tips and gratuities intended for the Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, for those who were employed as a tipped employee, thereby withholding compensation due and owing to them.

128.    Due to Defendants' conduct in violation of New York common law, Defendants were enriched at the expense of Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, for those who were employed as a tipped employee, and it is against equity and good conscience to permit Defendants to retain what is sought to be recovered.

## NINTH CLAIM FOR RELIEF
## (VIOLATION OF NEW YORK LABOR LAW § 195(1))

129.    Plaintiffs, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

130.    Defendants failed to provide Plaintiffs (except Plaintiffs Varela and Castro), Class Members and any FLSA Collective Action Plaintiff who opts-into this action, with a written notice upon their hire, in their primary language or at all, regarding, *inter alia*, their rate of pay, the basis of their rate of pay, the employee's regular pay day, the name, address and telephone number of the employer, their proper weekly pay date, and other information as required by NYLL § 195(1).

131.    Due to Defendants' failure to provide Plaintiffs (except Plaintiffs Varela and Castro), Class Members and any FLSA Collective Action Plaintiff who opts-into this action, with the notice required by NYLL § 195(1), Plaintiffs (except Plaintiffs Varela and Castro), Class

Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

**TENTH CLAIM FOR RELIEF**
**(VIOLATION OF NEW YORK LABOR LAW § 195(3))**

132.    Plaintiffs, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

133.    Defendants failed to provide Plaintiffs, Class Members, and any FLSA Collective Action Plaintiff, with accurate statements of their wages earned, including, *inter alia*, their correct overtime rates of pay, number of regular and overtime hours worked, or correct gross pay, net pay, and deductions, and did not include their employer's name,  address or phone number, for each pay period as required by NYLL § 195(3).

134.    Due to Defendants' failure to provide Plaintiffs, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, with accurate wage statements as required by NYLL § 195(3), Plaintiffs, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, Class Members and FLSA Collective Action Plaintiffs pray for the following relief:

i.    Issuing an order restraining Defendants from any retaliation against Plaintiffs, Class Members and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

ii.    Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and

supporting regulations and the New York Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

iii.     Designating this action as an FLSA collective action on behalf of the Plaintiffs and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

iv.     Certifying this action a class action pursuant to Fed. R. Civ. P. 23;

v.     Awarding unpaid wages and an additional and equal amount as liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

vi.     Awarding unpaid wages, including, *inter alia*, unpaid overtime, minimum wage, spread of hours compensation, and unlawfully retained tips and gratuities, and an additional and equal amount as liquidated damages pursuant to the New York Labor Law and the supporting New York State Department of Labor Regulations;

vii.     Awarding damages pursuant to NYLL § 195(1), (3);

viii.     Awarding damages pursuant to NYLL §§ 191, 198;

ix.     Awarding damages for violation of New York common law;

x.     Awarding pre- and post-judgment interest as permitted by law;

xi.     Awarding all attorneys' fees incurred in prosecuting this action;

xii.     Awarding all costs incurred in prosecuting this action; and

xiii.      Granting such other and further relief as this Court deems just and proper.

Dated:  Hauppauge, New York
         August 30, 2021

                              LAW OFFICE OF PETER A. ROMERO PLLC
                              *Attorneys for Plaintiffs*
                              490 Wheeler Road, Suite 250
                              Hauppauge, New York 11788
                              Tel.: (631) 257-5588

By:  _____
                              DAVID D. BARNHORN, ESQ.
                              PETER A. ROMERO, ESQ.